Filed 9/16/16  P. v. Hall CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064165 |
| v. | (Super.Ct.No. FELJS1404080) |
| STEVEN HALL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Lorenzo R. Balderrama, Judge.  Reversed with directions.

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

The Mentally Disordered Offenders Act (Pen. Code, § 2960 et seq.)[1] provides for involuntary civil commitment as a condition of parole for prisoners who are found to have "a severe mental disorder" if certain conditions are met. (§ 2962, subds. (a)-(f).)[2] The commitment is for a term of one year and may be extended annually for an additional year on petition of the district attorney. (§ 2972, subds. (a), (b).)

Appellant Steven Hall appeals from a judgment extending his commitment as a mentally disordered offender (MDO). At the trial on the petition, he was compelled to testify over his objection. In his opening brief, he contended that because persons subject to civil commitment after being found not guilty by reason of insanity (NGI) have a statutory right, pursuant to section 1026.5, subdivision (b)(7) (hereafter section 1026.5(b)(7)), not to be compelled to testify in proceedings to extend their commitments (*Hudec v. Superior Court* (2015) 60 Cal.4th 815, 832 (*Hudec*)), so should a person facing commitment as an

---

[1] All further statutory citations refer to the Penal Code unless another code is cited.

[2] The conditions include the following: That the prisoner has a severe mental disorder, that the disorder is not in remission or cannot be kept in remission without treatment, that the severe mental disorder was one of the causes or was an aggravating factor in the prisoner's criminal behavior, that the prisoner has been in treatment for the severe mental disorder for 90 days or more within the year prior to his or her parole release day, and that by reason of his or her severe mental disorder, the prisoner represents a substantial danger of physical harm to others. (§ 2962, subd. (d)(1).) The Mentally Disordered Offenders Act applies only to prisoners who have been convicted of specified offenses. (§ 2962, subd. (e).)

MDO.  He pointed out that this right has been extended to commitment proceedings for sexually violent predators (SVP) by application of equal protection principles.  (*People v. Curlee* (2015) 237 Cal.App.4th 709, 716-722.)  He contends that NGI's, SVP's and MDO's are all similarly situated with respect to civil commitment procedures.

In *People v. Dunley* (2016) 247 Cal.App.4th 1438 (*Dunley*), which was decided after appellant filed his opening brief, we held that MDO's, SVP's and NGI's are all similarly situated with respect to the testimonial privilege provided for in section 1026.5(b)(7).  (*Dunley*, at pp. 1447-1450.)  In her respondent's brief, the Attorney General acknowledges our holding in *Dunley*, but urges us to reconsider it.  We decline to do so.

The Attorney General also asserts that any error in compelling appellant's testimony was harmless under *People v. Watson* (1956) 46 Cal.2d 818.  She asserts that *Watson* applies because the right not to be compelled to testify in an MDO hearing arises solely from state law, i.e., section 1026.5(b)(7).  In *Dunley*, *supra*, 247 Cal.App.4th 1438, we dismissed the appeal because it was moot, in light of the fact that while that appeal was pending, a new petition for recommitment had been filed and decided.[3]  (*Id*. at p. 1445.)  Accordingly, we did not address the question of the standard of reversal that applies.  As several other courts have observed, however, "[b]y calling the person in its case-in-chief,

---

[3]  We take judicial notice that as of September 13, 2016, the records of the Superior Court of San Bernardino County reflect that no new petition for recommitment had been filed for the appellant in this case.  (Evid. Code, § 452, subd. (d).)

the state is essentially saying that his or her testimony is necessary for the state to prove its case. We have no doubt that a committee so compelled to testify is prejudiced under these circumstances. The California Supreme Court noted in *Cramer v. Tyars* (1979) 23 Cal.3d 131 . . . that permitting the jury to observe the person sought to be committed and to hear him speak and respond provided 'the most reliable proof and probative indicator of the person's present mental condition.' [Citation.] As such, we cannot conclude that compelling [the committee] to testify, even if his testimony was in some regards cumulative to that of other witnesses, was harmless error." (*People v. Haynie* (2004) 116 Cal.App.4th 1224, 1230; accord, *People v. Curlee* (2015) 237 Cal.App.4th 709, 722; accord, *People v. Landau* (2016) 246 Cal.App.4th 850, 865.) Further, the court in *People v. Haynie* stated: "The right to not be compelled to testify against oneself is clearly and relevantly implicated when a person is called by the state to testify in a proceeding to recommit him or her even if what is said on the witness stand is not per se incriminating." (*Id*. at p. 1230, quoted and cited with approval in *Hudec*, *supra*, 60 Cal.4th at p. 830.) These cases strongly imply, even if they do not explicitly hold, that compelling a person subject to civil commitment under the SVP, MDO or NGI statutes to testify over his or her objection is reversible per se.

We need not reach that question, however, because the record does not permit us to determine whether an equal protection violation occurred. An equal protection analysis has two prongs: (1) whether the individuals or groups are similarly situated and if so,

4

(2) whether the government can justify disparate treatment.  (*Dunley*, *supra*, 247 Cal.App.4th at pp. 1447-1448, 1450.)  Disparate treatment can be justified in some circumstances using the more lenient rational basis test.  (*Id.* at p. 1450.)  However, because of the impact compelled testimony may have on the individual's liberty interest, we held in *Dunley* that disparate treatment of MDO's for purposes of the testimonial privilege must be justified using the strict scrutiny standard.  (*Dunley*, at pp. 1451-1453; accord, *People v. Field* (2016) 1 Cal.App.5th 174, 197 [with respect to SVP commitment hearing].)

In this case, the trial court rejected appellant's contention that section 1026.5(b)(7) applies to MDO's based on *People v. Lopez* (2006) 137 Cal.App.4th 1099.  In *Lopez*, this court held that section 1026.5(b)(7) applies only in criminal proceedings and does not apply to NGI commitment proceedings.  This holding was disapproved in *Hudec*, *supra*, 60 Cal.4th at pages 826 through 832.  Because the trial court found that the statute does not apply, it did not require (or permit) the government to show that disparate treatment of MDO's was justified.  Accordingly, the appropriate remedy is to remand the cause for a hearing on that issue.  (*People v. Curlee* (2015) 237 Cal.App.4th 709, 722; accord, *People v. Landau* (2016) 246 Cal.App.4th 850, 865; accord, *People v. Field*, *supra*, 1 Cal.App.5th at p. 197.)

## DISPOSITION

The judgment is reversed, and the matter is remanded to the superior court for further proceedings.  On remand, the superior court is directed to conduct an evidentiary hearing at which the People will have the opportunity to show that the differential statutory treatment of MDO's with respect to the testimonial privilege is justified.  If the trial court determines

5

that the People have carried their burden to do so, it shall confirm its order finding appellant an MDO and recommitting him to a mental hospital.  If it determines that the People have not carried their burden, the superior court shall conduct a new recommitment hearing under the Mentally Disordered Offenders Act.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
J.

We concur:


HOLLENHORST
Acting P. J.


CODRINGTON
J.


6